UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY WILLIAMS**                                                    **CIVIL ACTION**

**VERSUS**                                                                        **NO. 19-00675**

**JAMES LEBLANC**                                                   **SECTION: "J"(1)**

## REPORT AND RECOMMENDATION

Petitioner, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

In 1973, petitioner was convicted of aggravated rape under Louisiana law for an offense he committed at the age of 17.[1] Based on that conviction, he was sentenced to a term of life imprisonment.[2] On March 31, 1975, the Louisiana Supreme Court affirmed that conviction and sentence.[3]

In 1976, petitioner filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. His application was denied by the federal district court,[4] the denial of relief was affirmed by the United States Fifth Circuit Court of Appeals,[5] and his related petition for a writ of certiorari was denied by the United States Supreme Court.[6] Moreover, while those federal proceedings were

---

[1] State Rec., Vol. 5 of 9, transcript of October 12, 1973, p. 131; State Rec., Vol. 2 of 9, minute entry dated October 12, 1973; State Rec., Vol. 2 of 9, jury verdict form.
[2] State Rec., Vol. 5 of 9, transcript of October 19, 1973; State Rec., Vol. 2 of 9, minute entry dated October 19, 1973. Under Louisiana law, petitioner's life sentence made him ineligible for parole. See State v. Shaffer, 77 So. 3d 939, 940-41 (La. 2011).
[3] State v. Williams, 310 So. 2d 528 (La. 1975); State Rec., Vol. 3 of 9.
[4] Williams v. Louisiana, Civ. Action No. 76-3398 (E.D. La. July 11, 1977); State Rec., Vol. 3 of 9.
[5] Williams v. Louisiana, 611 F.2d 881 (5th Cir. 1980).
[6] Williams v. Louisiana, 447 U.S. 909 (1980).

pending, petitioner also filed with the state district court a motion to correct an illegal sentence,[7] which was likewise denied.[8]

In 1982, petitioner then filed an application for post-conviction relief with the state district court.[9] That application was denied.[10]

In 1984, petitioner filed a second federal habeas corpus application. That application was also denied.[11]

In 1989, petitioner filed another state application for post-conviction relief,[12] and that application was likewise denied by the state district court.[13] His related writ application was also later denied by the Louisiana Supreme Court.[14]

In 1991, petitioner filed with the state district court yet another application for post-conviction relief,[15] which was again denied.[16]

That same year, petitioner also filed a third federal habeas corpus application. Although that application was initially granted by the federal district court,[17] the United States Fifth Circuit Court of Appeals thereafter reversed that judgment and ordered that habeas relief be denied.[18] The United States Supreme Court then denied petitioner's related petition for a writ of certiorari.[19]

---

[7] State Rec., Vol. 3 of 9.
[8] State Rec., Vol. 3 of 9, Judgment dated April 22, 1977.
[9] State Rec., Vol. 3 of 9.
[10] State Rec., Vol. 3 of 9, Order dated June 23, 1982.
[11] Williams v. Maggio, Civ. Action No. 84-833 (E.D. La. June 11, 1984).
[12] State Rec., Vol. 3 of 9.
[13] State Rec., Vol. 3 of 9, Order dated October 30, 1989.
[14] State ex rel. Williams v. Smith, 567 So. 2d 1118 (La. 1990); State Rec., Vol. 9 of 9.
[15] State Rec., Vol. 3 of 9.
[16] State Rec., Vol. 3 of 9, Order dated November 5, 1991.
[17] Williams v. Whitley, Civ. Action No. 91-3715 (E.D. La. Apr. 3, 1992); State Rec., Vol. 4 of 9.
[18] Williams v. Whitley, 994 F.2d 226 (5th Cir. 1993).
[19] Williams v. Whitley, 510 U.S. 1014 (1993).

In 2007, petitioner filed a motion to correct an illegal sentence with the state district court.[20] The court denied both that motion[21] and a related motion for reconsideration.[22]

However, on May 17, 2010, the United States Supreme Court held that the Eighth Amendment forbids the sentence of life *without parole* for a non-homicide offense committed by a juvenile offender. Graham v. Florida, 560 U.S. 48 (2010). Based on that decision, petitioner filed another motion to correct an illegal sentence with the state district court in 2011.[23] The court granted that motion in part and resentenced him to a term of life imprisonment *with* the possibility of parole on October 24, 2012.[24] He did not appeal.

On May 16, 2016, petitioner then filed another motion to correct an illegal sentence with the state district court.[25] That motion was denied on August 1, 2016.[26] His related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on November 4, 2016,[27] and the Louisiana Supreme Court on May 11, 2018.[28]

On January 25, 2019, petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[29] The state filed a response arguing that the application is

---

[20] State Rec., Vol. 1 of 9.
[21] State Rec., Vol. 1 of 9, Order dated March 5, 2007.
[22] State Rec., Vol. 1 of 9, Order dated April 25, 2007.
[23] State Rec., Vol. 1 of 9.
[24] State Rec., Vol. 1 of 9, minute entry dated October 24, 2012.
[25] State Rec., Vol. 1 of 9.
[26] State Rec., Vol. 1 of 9, transcript of August 1, 2016; State Rec., Vol. 1 of 9, minute entry dated August 1, 2016.
[27] Williams v. Louisiana, No. 16-KH-546 (La. App. 5th Cir. Nov. 4, 2016); State Rec., Vol. 1 of 9.
[28] State *ex rel.* Williams v. State, 241 So. 3d 1003 (La. 2018); State Rec., Vol. 1 of 9.
[29] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on January 25, 2019. Rec. Doc. 1, p. 15.

untimely,[30] and petitioner filed a reply.[31] For the following reasons, the undersigned finds that the application is indeed untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B and D of 28 U.S.C. § 2244(d)(1) obviously do not apply here because petitioner does not allege the existence of either a state-created impediment or a newly-discovered factual predicate.

---

[30] Rec. Doc. 13.
[31] Rec. Doc. 15.

As for Subsection A, that subsection provides that the statute of limitations commences on the date a petitioner's state court criminal judgment becomes final. For AEDPA purposes, a state court criminal judgment consists of the conviction and the sentence, and the judgment is therefore not considered "final" until *both* the conviction *and* the sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).

With respect to determining the date that such a judgment becomes "final" for the purposes of the AEDPA, the United States Fifth Circuit Court of Appeals has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. *at 694; see also* Foreman v. Dretke, *383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See* Foreman, *383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See* Causey v. Cain, *450 F.3d 601, 606 (5th Cir. 2006);* Roberts, *319 F.3d at 693.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, although petitioner was originally convicted and sentenced in 1973, he was *resentenced* on October 24, 2012, and it is that new sentence which he challenges herein. Accordingly, under Subsection A, his federal limitations period would have commenced on

November 23, 2012, when his thirty-day period to appeal that sentence expired.[32] The one-year federal limitations period then expired on November 25, 2013,[33] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts at any time during the applicable one-year period ending on November 25, 2013. Therefore, he clearly is not entitled to statutory tolling.[34]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v.

---

[32] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

[33] Because the three hundred sixty-fifth day of the limitations period fell on a Saturday, petitioner's deadline was extended through the following Monday, November 25, 2013. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[34] Although petitioner subsequently filed his motion to correct an illegal sentence in 2016, pleadings filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

In his reply to the state's response, petitioner seems to suggest that his 2016 motion somehow restarted the federal limitations period. If that is indeed his position, he is wrong. "Tolling merely pauses the clock; it does not restart anew the limitations period. Thus, once the statute has run, a collateral action cannot revive it." Brian R. Means, Federal Habeas Manual § 9A:43 (2019) (citations omitted). Accord Flanagan, 154 F.3d at 199 n.1; Davis v. Vannoy, Civ. Action No. 18-9062, 2019 WL 1522522, at *5 (E.D. La. Mar. 22, 2019) ("By its plain language, [28 U.S.C. § 2244(d)(2)] does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings."), adopted, 2019 WL 1517817 (E.D. La. Apr. 4, 2019).

Florida, 560 U.S. 631, 645 (2010).  However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in *rare and exceptional* circumstances" (emphasis added)).  Indeed, "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 560 U.S. at 649 (internal quotation marks omitted).  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court notes that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013).  In Perkins, the United States Supreme Court stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations.  We caution, however, that tenable actual-innocence gateway pleas are rare:  A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Perkins, 569 U.S. at 386 (citations, quotation marks, and brackets omitted).  Here, petitioner has not invoked Perkins.  Moreover, in any event, he has not claimed in his federal application that he is actually innocent, much less presented any new evidence in support of such a claim.

7

Because petitioner is not entitled to statutory tolling, and because he has not established that equitable tolling is warranted or made a convincing claim of actual innocence, his federal application for habeas corpus relief had to be filed no later than **November 25, 2013**, in order to be timely under Subsection A.  His application was not filed until **January 25, 2019**, and, therefore, it is untimely under that Subsection.

Accordingly, in that Subsections B and D do not apply, and in that petitioner's application would be untimely under Subsection A, his application may proceed only if Subsection C would provide for a later commencement date for the statute of limitations.  It does not.  Even if Subsection C would otherwise be applicable, it would provide for an *earlier* commencement date than Subsection A.

As noted, under Subsection C, the statute of limitations commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  Here, petitioner's federal application is founded on Graham v. Florida, 560 U.S. 48 (2010), the case in which the United States Supreme Court first held that the Eighth Amendment forbids the sentence of life imprisonment without parole for a non-homicide offense committed by a juvenile offender.  Further, the United States Fifth Circuit Court of Appeals has held that "Graham clearly state[d] a new rule of constitutional law that was not previously available" and that it "ha[d] been made retroactive to cases on collateral review by the Supreme Court."  *In re* Sparks, 657 F.3d 258, 260 (5th Cir. 2011) (quotation marks omitted).

Nevertheless, under Subsection C, petitioner's federal limitations period would have commenced on **May 17, 2010**, the date Graham was issued.  Crockett v. Cain, Civ. Action No. 15-

319, 2016 WL 7717434, at *4 n.27 (E.D. La. Dec. 1, 2016) ("Under Subsection C, the one-year limitations period commences on the date the right at issue was initially recognized, *not* the date on which the Supreme Court declared that the new rule was retroactive to cases on collateral review."), adopted, 2017 WL 111180 (E.D. La. Jan. 11, 2017); Brian R. Means, Federal Habeas Manual § 9A:31 (2019) ("The one-year limitations period for newly-recognized rights begins to run on the date the Supreme Court initially recognizes the new right, as opposed to the date on which the right is 'made retroactive.'"); see Roussell v. Day, No. 01-30940, 2002 WL 432662 (5th Cir. 2002); cf. United States v. Lopez, 248 F.3d 427, 432-33 (5th Cir. 2001).  However, because Subsection A accords petitioner a **later** commencement date, i.e. **November 23, 2012**,[35] Subsection A is controlling.  See 28 U.S.C. § 2244(d)(1) (providing that the limitations period runs "from the latest of" the triggering events provided in the four subsections); Means, *supra*, at §§ 9A:1 and 9A:11.

Because Subsection A applies, and because petitioner is not entitled to statutory tolling, has not established that he is eligible for equitable tolling, and has not presented a convincing claim of actual innocence based on new evidence, his federal application for habeas corpus relief had to be filed no later than **November 25, 2013**,[36] in order to be timely.  His application was not filed until **January 25, 2019**, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application seeking habeas corpus relief filed by Larry Williams be **DISMISSED WITH PREJUDICE**.

---

[35] As discussed above, petitioner had thirty days following his resentencing on October 24, 2012, to appeal, see *supra* note 32, plus one year for the federal limitations period to run.
[36] Because November 23, 2013, fell on a Saturday, petitioner had until November 25, 2013.  See *supra* note 33.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[37]

New Orleans, Louisiana, this __24th__ day of July, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.